63 N.J. Super. 225 (1960)
164 A.2d 357
J.J. BAUER AND LOIS BAUER, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ROBERT N. BOWEN, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1960.
Decided October 10, 1960.
*227 Before Judges GOLDMANN, FREUND and KILKENNY.
*228 Mr. Michael N. Kouvatas argued the cause for the plaintiffs-appellants.
Mr. William G. Bischoff argued the cause for defendant-respondent (Messrs. Taylor, Bischoff, Neutze & Williams, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
The Camden County Court, Law Division, granted defendant's motion for summary judgment and dismissed plaintiffs' malpractice suit on the sole ground that it was barred by the statute of limitations. The plaintiffs appeal therefrom.
While the motion was one for summary judgment under R.R. 4:58, it was more in the nature of a motion for judgment on the pleadings under R.R. 4:12-3. It was based solely on the amended complaint, answer, pretrial order, and the memoranda of law submitted by the respective parties. Unlike the usual motion for summary judgment, neither party submitted any affidavits, depositions or exhibits to the trial court. Hence, in reviewing the propriety of the judgment below, we limit ourselves to a consideration of the same papers which were submitted below.
The original complaint was filed on March 23, 1959, a Monday, but was never served upon the defendant. In it, the female plaintiff and her plaintiff husband, who sued per quod, charged the defendant doctor with negligence, in performing a therapeutic abortion on the female plaintiff in March 1957 at the West Jersey Hospital, Camden, New Jersey, and with fraud, in knowingly and intentionally making false and fraudulent representations to the plaintiff that he had, in that operation, removed and aborted the unborn child being carried by her. She alleged that his fraud was not discovered until March 21, 1957, when she was re-admitted to the hospital and the removal of the foetus was then completed.
The plaintiffs filed an amended complaint on March 30, 1959, a copy of which, together with summons, was served *229 upon the defendant. The first count of the amended complaint, which also charges both negligence and fraud, is exactly the same as the first count of the original complaint, except that paragraph 5, alleging an element of damages, has been deleted and paragraph 6 has become paragraph 5 of the amended complaint. Further, the original complaint did not contain the second count of the amended complaint, which is, in substance, the deleted paragraph 5 above. The second and third counts of the original complaint are the third and fourth counts of the amended complaint. The substance of both complaints is the same.
We need concern ourselves on this appeal only with the first count of the amended complaint, which charges both negligence and fraud, in its relationship to the statute of limitations. The amended complaint filed on March 30, 1959 does not set forth a new cause of action, but the same cause of action in somewhat different form. Therefore, the time of its filing relates back to the time of the filing of the original complaint on March 23, 1959 and the latter governs.
The applicable statute of limitations in a suit for personal injuries based upon the alleged malpractice of a doctor, N.J.S. 2A:14-2, provides:
"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."
The important issue on this appeal is when did the plaintiff's cause of action "accrue." It was conceded on the oral argument that the defendant operated on the female plaintiff on March 6, 1957, performing a lawful, therapeutic abortion. His answer denies her charge of fraud, so that the pleadings raise an issue of fact as to whether he falsely represented that he had completely removed the foetus in the operation. Her complaint alleges that she imposed a trust in him and believed in him and relied upon his superior means of information as to what had been done to her body. *230 The respective briefs concede that she remained at the hospital under his care until March 16, 1957, when she was discharged and returned to her home. On March 21, 1957, while the female plaintiff was at home, there appeared from her body a part of the foetus, which would establish the falsity of his representations, if he ever made them. Plaintiff was immediately transported back to the hospital. The defendant was called, came to the hospital, and on March 22, 1957 performed what is known as a "D. & C.," a scraping of the uterus.
If the statute of limitations is to be computed from March 6, 1957, when the defendant allegedly performed a negligent operation, then obviously the complaint filed on March 23, 1959, or the amended complaint, was not within the time limitation fixed by the statute. On the other hand, if the cause of action accrued on March 21, 1957, when the female plaintiff discovered that the defendant had perpetrated the alleged fraud, or if it accrued on March 22, 1957 when the defendant last treated the female plaintiff, then the suit would have been within time.
It must be observed at this point that March 21 and March 22, 1959 were respectively a Saturday and a Sunday. Hence, N.J.S.A. 36:1-1.1 would apply. That statute provides that when the last day prescribed by law for an act to be done falls on a Saturday, or a Sunday, or a legal holiday, when the public offices are closed to transactions of business, if the act is done on the next day when the public office is open, it is done within time. Therefore, a filing of the complaint on Monday, March 23, 1959 would be within time, if it is concluded that plaintiffs' cause of action accrued either on March 21, or March 22, 1957. See Poetz v. Mix, 7 N.J. 436 (1951).
Generally, by New Jersey case decisions, in a malpractice action, where an operation has been performed, the statute of limitations begins to run from the day of the negligent performance of the operation, even though the negligence of the doctor may not be discovered until some *231 time thereafter. Thus, in Weinstein v. Blanchard, 109 N.J.L. 332 (E. & A. 1932), it was held that an action against a physician based on negligence was barred by the statute after the two-year period following the operation, even though the physician's wrongful conduct in leaving a drainage tube in plaintiff's body was not discovered until about 19 years later.
This doctrine was followed in Tortorello v. Reinfeld, 6 N.J. 58 (1950), where the plaintiff contended that the alleged negligent operation and the post-operative treatment comprised a continuous tort, thereby giving rise to a cause of action as of the time the treatment ended. However, the Supreme Court brushed aside this contention and held that the mere fact of treatment following the single negligent act does not toll the statute. It decided that "accrual of cause of action" means the time when a right first arises to institute and maintain an action for invasion of one's rights against a wrongdoer. The period is computed from that time. In the Tortorello case, the Supreme Court decided that the mere fact that treatment continues after a single act of negligence, or that the confidential relationship of patient and physician continues, does not postpone the running of the statute.
However, in Tortorello, two exceptions to the foregoing fundamental rule were listed. First, if injurious consequences arise from a continuing course of negligent treatment, the statute does not ordinarily begin to run until the treatment is terminated, unless the patient shall have earlier discovered the injury. The allegations of the amended complaint do not bring this case within that exception. If the defendant were guilty of any negligence, it would have been on March 6, 1957, when the operation was allegedly negligently performed. There is no valid assertion of any continuing course of negligent treatment thereafter. Apparently there was none, since what was done on March 22, 1957 by the defendant doctor was corrective, properly done, and not negligent.
*232 The second exception to the basic rule pointed out in Tortorello, supra, covers a situation where "the physician is guilty of fraudulent concealment." Then the statute is tolled pending discovery of the fraud. The amended complaint in this case charges fraudulent representations and fraudulent concealment of the truth from plaintiffs, viz., that the female plaintiff had been informed by defendant that the foetus had been completely removed in the course of the abortion operation, when in fact that was false, and that the truth was concealed from her, until her own discovery of March 21, 1957. We do not pass on the truth of her asserted claim. The exception to the statute of limitations rule in the Tortorello case is controlling here. The trial court should not have dismissed the amended complaint, as barred by the statute of limitations, because it contained within its allegations a charge of fraud by the defendant and non-discovery of the truth by the female plaintiff until March 21, 1957.
In the appeal record the plaintiffs included the depositions of the defendant which negate the charge of fraud. However, it must be noted, in fairness to the trial judge, that these depositions were not submitted to or considered by him. If they had been, and if no contradictory depositions or affidavits were submitted by the plaintiffs to establish a prima facie case of fraudulent concealment, then the summary judgment might properly have been granted, because of a lack of showing that the case came within the fraud exception.
Therefore, the judgment below will be reversed and the matter remanded without prejudice to the right of the defendant to renew his motion for dismissal of the amended complaint on the ground that it is barred by the statute of limitations, at which time depositions or affidavits in support of or in opposition to the motion may be submitted. Thus, the trial court may then order summary judgment on the issue of the statute of limitations, if there is no genuine issue of fact to bring the case within the exceptions noted above.