66 N.J. Super. 580 (1961)
169 A.2d 730
ANNIE V. RICKENBACH, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF WILSON B. RICKENBACH, DECEASED, PLAINTIFF,
v.
NOECKER SHIPBUILDING CO., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1961.
*582 Mr. William C. Gotshalk, attorney for plaintiff.
Messrs. Hyland & Reberkenny (Mr. William F. Hyland appearing), attorneys for receiver.
WICK, J.S.C.
This matter comes before the court on the claim of Marjorie E. Noecker, administratrix c.t.a. of the estate of Samuel M. Noecker, deceased, against the Noecker Shipbuilding Co., in receivership.
The relevant facts in connection herewith are that the Noecker Shipbuilding Co. (hereafter referred to as the defendant corporation) operated a small shipyard for the construction and repair of wooden vessels in Camden, New Jersey. However, in recent years, due to the substitution of steel for wood in the construction of commercial vessels, it has suffered considerable financial adversities. Samuel M. Noecker (hereafter referred to as the claimant) was, for many years, the president and a substantial stockholder of the defendant corporation. The corporate records reveal that the defendant corporation was very closely held, having only five stockholders. As in the case of many closely held corporations, the defendant corporation was managed with the minimum of formality. The corporate records fail to reveal any evidence of a formal meeting of the board of directors; however, there is testimony that stockholders' meetings were occasionally held. The testimony also indicates that the claimant, as president, was the dominant person in the management of the defendant corporation. The claimant died on October 1, 1959, and shortly thereafter the defendant corporation suspended business due to the lack of work. Because of this suspension of business and its adverse financial condition, Robert E. Gladden, Esquire, was appointed by this court on December 4, 1959 as receiver for the defendant corporation.
*583 Marjorie E. Noecker, as administratrix c.t.a. of the estate of the claimant, filed a claim with the receiver in the sum of $84,117 against the defendant corporation. This claim is based upon $64,959 allegedly advanced to the defendant corporation by the claimant for working capital, and $15,345 allegedly due the claimant as accrued salary. The receiver has only allowed $7,000 on the claim for advances, and made no allowance on the claim for accrued salary. The balance of the claim for advances was disallowed by the receiver because such debts were barred by the statute of limitations (N.J.S. 2A:14-1). The claim for accrued salary was denied by the receiver because there is no evidence in the records of the defendant corporation that any salary was ever established for the claimant, nor is there an accrued salary account in the books of account available to the receiver for the period of this claim.
The advances by the claimant to the defendant corporation are represented by the following promissory notes, payable on demand:

 Note of 1/2/44 .................. $16,537
 Note of 3/28/47 ................. 7,463
 Note of 3/19/50 ................. 10,000
 Note of 3/6/51 .................. 10,000
 Note of 1/2/53 .................. 13,956
 _______
 $57,956

There is no question that the statutory period had elapsed upon each of these notes before suit was filed. N.J.S. 2A:14-1 requires that recovery upon a contractual claim or liability not under seal must be brought within six years after the cause of action has accrued. On a promissory note payable on demand, the statute of limitations begins to run in favor of the maker from the date of execution and delivery of the note. See De Raismes v. De Raismes, 70 N.J.L. 15 (Sup. Ct. 1903), affirmed 71 N.J.L. 680 (E. & A. 1904); Renault v. L.N. Renault & Sons, 90 F. Supp. 630 (D. Ct. N.J. 1950), wherein New Jersey Law *584 was applied. Suit was not brought on these notes until November 25, 1959, some 6 years and 9 months after the date of the most recent note and some 15 years and 10 months after the earliest one.
However, even though recovery upon these notes had become barred by the statute of limitations, the defendant corporation still carried them as corporate liabilities on its corporate income tax returns and balance sheets. The claimant contends that this continued recognition of these notes by the defendant corporation constitutes an acknowledgment sufficient under N.J.S. 2A:14-24 to take these obligations out of the statute of limitations. N.J.S. 2A:14-24 provides:
"In actions at law grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, so as to take any case out of the operation of this chapter, or to deprive any person of the benefit thereof, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby * * *."
The receiver has disputed the claimant's position, contending that these corporate records do not satisfy the requirements of N.J.S. 2A:14-24. Thus, one of the issues to be decided herein by the court is whether these corporate tax returns and balance sheets on which the notes in question are carried are acknowledgments of the notes sufficient to remove them from the bar of the statute of limitations.
Neither respective counsel nor the court has been able to find any New Jersey decisions directly in point. However, it has long been established in New Jersey that an acknowledgment must be made to the creditor or intended to have been communicated to him. Swinley v. Force, 78 N.J. Eq. 52 (Ch. 1911). Other jurisdictions, having this same requirement, have held that the inclusion of a debt upon a corporate income tax return is not an acknowledgment of the debt sufficient to remove the debt from the statute of limitations. See Trethewey v. *585 Green River Gorge, Inc., 17 Wash.2d 697, 136 P.2d 999 (Sup. Ct. 1943); Weir v. Bauer, 75 Utah 498, 286 P. 936 (Sup. Ct. 1930). The rationale upon which these decisions were based is that the returns were not made to the creditor. Although the claimant herein had signed these returns in his capacity as president, this act alone does not satisfy the requirement that the acknowledgment must be or intended to be communicated to him. The testimony indicates that these returns were prepared solely by Anthony J. Schunk, a director and vice-president of the defendant corporation, without the aid or knowledge of the creditor except for his signature. These returns were made to the Internal Revenue Service, and not to the claimant. In view of these facts, the court must hold that the corporate income tax returns herein do not constitute a writing sufficient to meet the requirements of N.J.S. 2A:14-24.
These notes were also carried upon the corporate balance sheet. The authorities are in disagreement as to the extent which inclusion of debts on the corporate balance sheet will remove these debts from the bar of the statute of limitations. Several jurisdictions have adopted the rule that the corporate balance sheet is a sufficient acknowledgment to take the debt out of the statute. In Victory Investment Corp. v. Muskogee Electric Traction Co., 150 F.2d 889, 161 A.L.R. 1436 (1945), certiorari denied 326 U.S. 774, 66 S.Ct. 232, 90 L.Ed. 467 (1945), the Tenth Circuit Court of Appeals, applying Oklahoma law, held that the inclusion of liability on mortgage bonds on the balance sheet prepared by the debtor for the trustee for the bondholders constitutes an acknowledgment of the debt sufficient to interrupt the Oklahoma statute of limitations. The California Supreme Court reached a similar result in Bank of America Nat. Trust & Savings Ass'n. v. Hunter, 8 Cal.2d 592, 67 P.2d 99 (1937). The most recent decision adopting this principle is Whale Harbor SPA, Inc. v. Wood, 266 F.2d 953 (5 Cir. 1959), interpreting Florida law. Also see 63 Harv. L. Rev. 362, wherein there is a discussion of *586 the merits of the cases cited above and of several English decisions which also reach the same result; 54 C.J.S. Limitations of Actions § 314, p. 389.
The court has found two cases in which the inclusion of debts on the corporate balance sheet did not constitute an acknowledgment. Both of these cases are distinguishable factually from the case at bar. See Weir v. Bauer, supra, in which the plaintiff testified that he did not receive the reports upon which he was relying to toll the statute of limitations; Glass v. Driedborg, 296 Mich. 30, 295 N.W. 547 (Sup. Ct. 1941), wherein the debtor, at the making of the financial statements which listed the obligations in question, stated that he "couldn't or wouldn't pay these obligations."
The claimant herein was not only president and a substantial stockholder of the defendant corporation, but was, according to the receiver, the "boss" of the defendant corporation. In view of the claimant's close relationship and great influence in the defendant corporation, the court must conclude that these balance sheets were compiled to be communicated to him in at least one of his various capacities. However, N.J.S. 2A:14-24 also requires that "[the] acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby" (emphasis added). The New Jersey courts have given strict construction to the words "signed by the party chargeable thereby." In De Raismes v. De Raismes, supra, our former Supreme Court held that an acknowledgment or promise signed by a duly authorized agent of the debtor is not sufficient to remove the debt from the statute of limitations. That interpretation was later affirmed per curiam by the Court of Errors and Appeals. Although the party sought to be charged herein is a legal entity rather than a living person, the requirement that the writing must be signed by the party chargeable should not be relaxed. The corporate officers who had the power to legally bind the defendant corporation were the proper *587 parties to sign this acknowledgment or some other writing making specific reference to the acknowledgment. See Victory Investment Corp. v. Muskogee Elec. Traction Co., supra, wherein letters of transmittal accompanying the financial statements and making specific reference to the statement were signed by the general manager of the debtor corporation, who had the authority to act for the corporation; both writings considered together were held to satisfy the requirement that the acknowledgment be signed by the party chargeable. This requirement has not been satisfied here. Mr. Schunk has only testified that he carried the notes in question on the corporate balance sheets and income tax returns. The claimant has offered no proofs showing that the corporate balance sheets or any writing making reference to them were signed by the officers having the authority to bind the defendant corporation. In the absence of such proofs, this court must hold that the mere inclusion of these notes on the corporate balance sheet is not of itself sufficient to constitute an acknowledgment which would, under N.J.S. 2A:14-24, remove these notes from the statute of limitations. However, this holding is limited to the proofs herein and does not question the soundness of the principle of law upon which the claimant relies.
The claimant has also suggested that the defendant corporation, by carrying these notes on its books and tax returns, has either waived the statute of limitations or should be denied the right to assert it under the doctrine of estoppel in pais. "Waiver" is the act of intentionally relinquishing or abandoning some known right, claim or privilege; estoppel in pais is the equitable doctrine which denies a party the right to repudiate an act done or position assumed where such repudiation would work injustice to another who rightfully relies thereon. See McCue v. Silcox, 122 N.J.L. 12 (E. & A. 1939); West Jersey Title & Guaranty Co. v. Industrial Trust Co., 27 N.J. 144 (1958); New Jersey Suburban Water Co. v. Harrison, 122 N.J.L. 189 (E. & A. 1939). There is no question that both waiver *588 and estoppel in pais are applicable to the statute of limitations. The statute of limitations is for the benefit of individuals and not to secure general objects of policy; hence, it may be waived by express contract or by necessary implication, or its benefits may be lost by conduct invoking the established principles of estoppel in pais. Howard v. West Jersey & Seashore R.R. Co., 102 N.J. Eq. 517 (Ch. 1928), affirmed 104 N.J. Eq. 201 (E. & A. 1929); Freeman v. Conover, 95 N.J.L. 89 (E. & A. 1920). The claimant herein has not offered any proofs of an express agreement of waiver; therefore, the only possible basis for waiver would be by implication. The testimony shows that Mr. Schunk, in carrying out his duties as auditor of the defendant corporation, under the supervision of the claimant, carried these notes on the corporate books without proper authorization to so do. The testimony also shows that the claimant, by himself and without the power to so do, determined much of the "corporate" policy, including the financial policy. In view of this testimony, the court cannot reach the conclusion that the necessary implication of the retention of these notes on the corporate books is a waiver of the statute of limitations by the defendant corporation. The only implication to be drawn from these facts is that the claimant himself, and possibly Mr. Schunk too, but not the defendant corporation, tried to waive the statute of limitations on these notes.
The doctrine of estoppel in pais is likewise inapplicable here. Assuming arguendo that the claimant, in reliance upon the corporate books, did refrain from bringing suit upon these notes, the corporation still should not be estopped from asserting the statute of limitations. The claimant did not rely upon an act of the corporation, but on the acts of Mr. Schunk who was under his direct supervision. If the inclusion of these notes in the corporate records had been properly authorized or if the claimant had himself not played such a forceful role in determining "corporate" policy, the court might well have reached a different conclusion. However, *589 under the facts of the case at bar, recovery upon these notes must be denied under the statute of limitations (N.J.S. 2A:14-1).
The claimant has also filed a claim with the receiver for accrued salary due for services as an officer and manager of the defendant corporation. The sum claimed is $15,345, based upon the following calculations:

 Total Amount Balance
Year Salary Paid Claimed
1953 ............ $3,600 $976.50 $2,623.50
1954 ............ 3,600 1,094.50 2,505.50
1955 ............ 4,200 1,106.50 3,093.50
1956 ............ 4,200 1,000.00 3,200.00
1957 ............ 4,200 1,027.50 3,172.50
1958 ............ 1,050 300.00 750.00
 _______ _________ __________
 $20,850 $5,505.00 $15,345.00

The receiver denied this claim because of the lack of proof of the amount claimed and of services actually rendered by the claimant during this period upon which a proper claim for compensation can be based. The testimony of Mr. Schunk and Mr. Fred Brock, who was employed as a bookkeeper by the defendant corporation, has substantiated this claim, both as to the amount and the services rendered by the claimant. They both testified that the claimant devoted his full time to affairs of the defendant corporation through 1955; then, due to the lack of business, he only came in a couple days a week but was always accessible for consultation until August 1959, when he was taken to the hospital. Even the receiver has admitted that the creditor was the "boss" of the defendant corporation. Even though his efforts did not prevent the corporation from finally succumbing to eventual collapse due to technological changes beyond his control, it is most unfair to conclude, as the receiver has, that his services were not of value to the defendant corporation. The amount of compensation most certainly seems reasonable in view of his managerial activities; therefore this claim will be allowed. However, *590 since suit for this accrued salary was not filed until November 25, 1959, the amount claimed for the year 1953 must be apportioned to include only that amount earned within six years from the date of suit. Recovery for any salary earned prior to that time is barred by the statute of limitations.
Judgment may be presented in accordance with these conclusions.