**Paul E. REPASS, Plaintiff,**

v.

**KELEKET X–RAY CORP., a corporation, Kelly-Koett Co., a corporation, and Tracer Lab., Inc., a corporation, Defendants.**

**Civ. A. No. C–620–61.**

United States District Court
D. New Jersey.
Dec. 31, 1962.

Lee A. Holley, East Orange, N. J., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, by Roger M. Nelson, Newark, N. J., for defendants.

SHAW, District Judge.

This matter is now before the Court on motion of defendants for judgment pursuant to Rule 56 on the ground that the action brought by plaintiff is barred by the Statute of Limitations. Plaintiff seeks to recover damage for personal injuries sustained as a result of alleged negligence and breach of warranty on the part of defendant, Kelly-Koett Co., and its successors in interest, Keleket X-Ray Corp. and Tracer Lab., Inc.

Since the relationship existing among the defendant corporations and the present corporate status of each is not material to the issue presently before the Court on this motion, reference hereinafter made to the defendants jointly will be to "the defendant."

The pertinent facts presented by the record before the Court are: During the month of January, 1932, plaintiff, a physician, purchased a fluoroscope, or x-ray machine, from the defendant. The purchase was made in New Jersey, and plain-

tiff used the machine in his office in East Orange, New Jersey. During the year, 1938, plaintiff discovered that the cone of the machine was not lined with a protective coating of lead and that, as a consequence, rays from the x-ray tube would come into the area of the shutter control. After making this discovery, plaintiff used lead gloves when operating the machine to protect his hands from these rays. During the year, 1939, he developed a skin irritation on the left hand which persisted in varying degree over the years until he became aware of a malignancy. He continued to use the machine until 1942 when he was called to active duty in the Naval Service. While he was in Service, his wife sold the machine.

After his discharge from Naval Service, plaintiff continued to practice medicine, specializing as a radiologist, in Denver, Colorado. On February 9, 1959, a biopsy disclosed the existence of malignancy necessitating the amputation of a finger. He retained counsel in Denver, Colorado, on March 2, 1959, to represent him with respect to any claim he might have against the defendant. By letter dated July 16, 1959, plaintiff's attorney wrote to the defendant, addressing the communication to Keleket X-Ray Corporation, Waltham, Massachusetts, advising that he represented plaintiff and that plaintiff had "an actionable claim" for substantial damages. Thereafter, a representative of an insurance company entered the picture, and there was discussion of the case with the attorney for the plaintiff during November, 1959, allegedly with respect to liability and also as to the question of the identity of Kelly-Koett Co. and Keleket X-Ray Corp. By letter dated May 9, 1960, the attorney for the plaintiff was advised that the insurance carrier of Keleket X-Ray Corporation denied liability and declined to make any payment in settlement of the claim. The matter had been referred by Denver counsel to a New Jersey attorney on March 14, 1960, and suit was commenced by filing of Complaint in this Court on August 7, 1961.

It is shown by Certification of the Secretary of State of the State of New Jersey that "Keleket X-Ray Corporation, formerly The Kelley-Koett Manufacturing Company" had been authorized to transact business in this State since April 10, 1940, and that "Tracer Lab. Inc." had been authorized to transact business in this State for the period of May 19, 1959, to September 14, 1962.

Plaintiff argues, first, that the action pending herein was commenced within the applicable period of limitations and, second, that, even if it were not commenced within the applicable period of limitations, the defendant is estopped to plead the Statute of Limitations.

■ Since jurisdiction arises out of diversity of citizenship and no Federal Statute is involved, the period of limitations within which an action such as this may be brought is fixed by the New Jersey Statute. Shaw v. United States Fidelity & Guaranty Co., 101 F.2d 92 (3rd Cir. 1938); Blackmon v. Govern, 138 F.Supp. 884 (D.C.N.J.1956). The New Jersey Statute (N.J.S.A. 2A:14–2) provides that:

"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."

■ The statutory period of limitations above cited applies to actions for personal injuries, regardless of whether they arise out of tort or breach of contract. Burns v. Bethlehem Steel Co., 20 N.J. 37, 118 A.2d 544 (Sup.Ct.1955); Tackling et al. v. Chrysler Corporation et al., 77 N.J.Super. 12, 185 A.2d 238 (1962).

Accordingly, plaintiff had two years from the date when his cause of action accrued within which he could commence this suit. The prevailing rule in New Jersey, until the decision in Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277 (Sup. Ct.1961), was that a cause of action accrued upon the conjunction of two events,

to wit a wrongful act and injury resulting therefrom. Knowledge of the existence of the injury was not material so that, despite the fact that an injured person did not become aware of his injury until the statutory period of limitations had expired, he was nevertheless barred from asserting his cause of action. Weinstein v. Blanchard, 109 N.J.L. 332, 162 A. 601 (E. & A. 1932); Tortorello v. Reinfeld, 6 N.J. 58, 77 A.2d 240 (Sup.Ct. 1950); Biglioli v. Durotest Corp., 44 N.J.Super. 93, 129 A.2d 727 (App.Div. 1957), aff'd 26 N.J. 33, 138 A.2d 529 (1958); Bauer v. Bowen, 63 N.J.Super. 225, 164 A.2d 357 (App.Div.1960).

In the case of Fernandi v. Strully, supra, claim was asserted against a surgeon for negligence in performing an operation on his patient on April 26, 1955, at which time he left a foreign object in her body after he closed the incision. The patient did not gain knowledge of this until more than two years after the operation had been performed. There, the Court held, on the particular facts in that case, that the cause of action did not accrue until the plaintiff knew, or had reason to know, about the foreign object and the existence of a cause of action based upon its presence in her body. It treated the claim as within "a special grouping or 'class of cases'" noting that the lapse of time did not entail the danger of a false or frivolous claim nor the danger of a speculative or uncertain claim. The extent to which the rule in Fernandi v. Strully, supra, is applicable to the facts in this case is, to say the least, debatable. However, it is not necessary to decide this particular question because it appears from the undisputed facts in the instant case that, as of February 9, 1959, plaintiff had knowledge of his injury and of a conceivable cause of action for recovery of damages against the defendant but did not file his Complaint until August 7, 1961. Therefore, even assuming *arguendo* that the Fernandi case is controlling, the suit still was not filed within a two-year period from the accrual of the cause of action.

The next question to be considered is whether the defendant, by conduct amounting to equitable fraud, induced plaintiff to delay the institution of suit and subject himself to the bar of the statute of limitations. Where a plaintiff, acting reasonably and in reliance upon conduct or representations of a defendant, is induced to refrain from instituting suit within the statutory period of limitations, the equitable doctrine of *estoppel in pais* operates to preclude such defendant from asserting the defense of the statute of limitations. Freeman v. Conover, 95 N.J.L. 89, 112 A. 324 (E. & A. 1920); Howard v. West Jersey, 102 N.J.Eq. 517, 141 A. 755 (Chancery 1928); La Porte v. United States Radium Corp., 13 F.Supp. 263 (D.C.N.J. 1935); Rickenbach v. Noecker Shipbuilding Co., 66 N.J.Super. 580, 169 A.2d 730 (Sup.Ct.1961). The same equitable principles would apply where a defendant affirmatively acts with intent to mislead in the concealment of its identity, or of material facts relating to the existence of a cause of action, and such acts on the part of a defendant, calculated to mislead, do, in fact, mislead and delay a plaintiff in asserting his rights.

Plaintiff consulted counsel on March 2, 1959, with reference to his claim against the defendant. A letter addressed by his attorney to Keleket X-Ray Corp. on July 16, 1959, indicates that an investigation had been conducted and that the attorney had knowledge that the Kelly-Koett Manufacturing Co. was purchased by Tracer Lab, Inc., in 1951 and that, since that time, its business had been carried on by Keleket X-Ray Corporation. On May 19, 1960, the attorney representing plaintiff was advised that liability on the part of Keleket X-Ray Corporation was denied. New Jersey counsel was engaged to prosecute the claim on March 14, 1960, and as previously stated, information by public record in the office of the Secretary of the State of New Jersey disclosed that "Keleket X-Ray Corporation, formerly The Kelley Koett Manufacturing Company" was amenable to process in this jurisdiction.

since 1940 and "Tracer Lab, Inc." was amenable to process since May 19, 1959.

 Though application of the doctrine of *estoppel in pais* is asserted as an issue, the facts of record before the Court, considered in the light most favorable to plaintiff, do not establish by any reasonable inference that may be drawn therefrom that there was a concealment on the part of the defendant of its identity with intent to mislead plaintiff, or that plaintiff, in the exercise of ordinary diligence, could not have discovered the identity of the defendant and the fact that defendant was amenable to service of process in the State of New Jersey. In fact, plaintiff concedes, by letter of memorandum filed in lieu of brief, that the public record in the office of the Secretary of State, when checked, did disclose that each of the associated defendants were present in this State for purposes of service of process for more than two years prior to the commencement of suit.

Accordingly, the Court, having considered all of the facts and reasonable inferences to be drawn therefrom in the light most favorable to plaintiff, finds as to the facts that:

1. The cause of action, if any, which plaintiff had accrued to him no later than February 9, 1959.

2. Suit was commenced on August 7, 1961, more than two years after the accrual of the alleged cause of action.

3. The defendant did not conceal its identity from plaintiff or induce plaintiff to refrain from instituting suit within the statutory period of limitations.

4. The defendant (Keleket X-Ray Corp., a corporation, Kelly-Koett Co., a corporation, and Tracer Lab., Inc., a corporation) was amenable to service of process in the State of New Jersey for a period of more than two years prior to the commencement of suit by plaintiff.

In view of the foregoing, the Court concludes that the action of plaintiff is barred by the Statute of Limitations and that the equitable doctrine of *estoppel in pais* does not bar the defendant from asserting the defense of the Statute of Limitations.

Accordingly, the motion of the defendant for judgment will be granted.

An appropriate Order in accordance herewith will be submitted.