**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5632-16T1

HASIM CENGIZ and AYMUR CENGIZ,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

DR. IMAD K. SAEDELINE and
DR. DAVID COHEN,

      Defendants,

and

DR. MAHESH BIKKINA and
DR. AIMAN HAMDAN,

      Defendants-Respondents/
      Cross-Appellants.

_____

Submitted October 17, 2018 - Decided November 7, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1391-16.

Ameri & Associates, LLC, attorneys for appellants/ cross-respondents (Dominick Succardi, on the briefs).

Mattia & McBride, PC, attorneys for respondents/ cross-appellants (Michael J. McBride and Zachary G. Farnsworth, on the briefs).

PER CURIAM

In this medical malpractice action, plaintiffs Hasim and Aymur Cengiz appeal from the July 14, 2017 order dismissing their amended complaint as untimely. Because the statute of limitations had expired prior to the filing of the amended complaint naming defendants Mahesh Bikkina, M.D. and Aiman Hamdan, M.D. (defendants), we affirm.

Hasim[1] was admitted to the emergency room and diagnosed with a stroke on April 15, 2014. He filed a complaint on April 14, 2016, alleging medical negligence against Imad Saedeline, M.D.[2] and John Does 1-100. In December 2016, plaintiffs were granted leave to file an amended complaint in which Drs.

---

[1] For clarity and the ease of the reader, we refer to the plaintiffs and their relatives by their first names.

[2] Dr. Saedeline was dismissed in December 2016, for plaintiffs' failure to provide an appropriate affidavit of merit.

Bikkina, Hamdan, and David Cohen, M.D.[3] were named as defendants. Drs. Bikkina and Hamdan are cardiologists. Hasim alleged both doctors had failed to properly diagnose and treat a blocked carotid artery, leading to his stroke.

In December 2013, Dr. Bikkina saw Hasim for a routine check-up. Hasim's son, John, accompanied him to this visit. The records reflect Dr. Bikkina examined Hasim, including a stethoscope check of his neck, and found no carotid bruit.[4] It was recommended that Hasim follow up with the doctor in six weeks, but he did not do so.[5]

Six years prior to the stroke, in 2008, Dr. Hamdan performed an uneventful cardiac catheterization without complications. Dr. Hamdan provided no further treatment and had no contact with Hasim after that time.

Defendants objected to plaintiff's affidavit of merit, arguing it was untimely and deficient in its failure to specifically identify the deviations alleged

---

[3] Dr. Cohen presented an affidavit of non-involvement and was subsequently dismissed by court order.

[4] "[A] systolic murmur heard in the neck but not at the aortic area; any bruit produced by turbulent blood flow in a carotid artery." Farlex Partner Medical Dictionary (2012), https://medical-dictionary.thefreedictionary.com/carotid+bruit.

[5] John also states that three months prior to Hasim's stroke, Dr. Bikkina performed a surgical catheterization to remove femoral arterial blockages. Dr. Bikkina denies performing this procedure.

A-5632-16T1

against them. Thereafter, defendants moved to dismiss the amended complaint, alleging it was filed outside the statute of limitations period and asserting the untimeliness and deficiencies of the affidavit of merit.

In opposing the motion, John presented a certification, advising he was his father's primary caretaker and had accompanied him to "most of his medical appointments during the time period leading up to the stroke." John conceded knowledge of Hasim's treatment with Drs. Bikkina and Hamdan. He stated that he thought Dr. Bikkina's stethoscope checks of Hasim's neck "were perfunctory and very short." In January 2016, three months short of two years after the stroke, John did some internet research and said he "found that listening to the neck of a person with a history of health issues like my father should have revealed the extensive blockage which caused his stroke." John, thereafter, consulted an attorney. John described his father's condition since the stroke as "terrible[, h]e is not really able to speak, his communication is extremely limited, he cannot write beyond the H.C. he signs as his signature, and he has certainly never communicated the knowledge that he received treatment below the standard of care owed to him."

After hearing argument, the motion judge granted Dr. Hamdan's motion, dismissing the complaint against him based on his proofs of non-involvement

with Hasim's care and treatment in the timeframe prior to his stroke. In addressing Dr. Bikkina's application, the judge concluded the statute of limitations began to run at the time of Hasim's stroke. He considered plaintiffs' argument that the statute of limitations was tolled until John discovered information on the internet regarding the possible causality of his father's condition, but found the argument meritless as plaintiffs filed suit against a physician and John Does alleging medical malpractice within two years of Hasim's stroke. Therefore, the judge stated, it was not a "discovery rule case" because by filing a complaint, plaintiffs were aware Hasim had a cause of action, as plaintiffs contended defendants failed to diagnose Hasim's carotid artery problem, resulting in his stroke.

On appeal,[6] plaintiffs argue the trial court erred in dismissing the complaint because Hasim's limited capacity should have tolled the statute of limitations. Defendants filed cross-appeals, asserting the trial judge should have dismissed the complaint with prejudice due to the untimely and deficient affidavit of merit.

We apply a plenary standard in our review of a judge's grant of a dismissal order. Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 599 (App. Div.

---

[6] Plaintiffs only appeal from the order dismissing Dr. Bikkina.

A-5632-16T1

2014). As the application of a statute of limitations is a question of law, we owe "no deference to the trial judge's legal interpretations." Id. at 600.

An action alleging personal injuries due to a wrongful act or neglect of a person must be "commenced within two years . . . after the cause of . . . action shall have accrued." N.J.S.A. 2A:14-2(a). In a medical malpractice action, "a cause of action generally accrues on the date that the alleged act or omission occurred." Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998) (citing Bauer v. Bowen, 63 N.J. Super. 225, 230 (App. Div. 1960)).

Plaintiffs do not dispute the judge's factual finding that the cause of action accrued on the date of Hasim's stroke. They argue, instead, that the statute of limitations should have tolled until "[Hasim] or his representative became aware that a cause of action existed . . . around January of 2016." Plaintiffs rely on the tolling provision provided in N.J.S.A. 2A:14-21,[7] arguing Hasim's stroke left him incapacitated and unable to assist in the prosecution of any legal claims.[8]

---

[7] N.J.S.A. 2A:14-21 permits the tolling of the two-year statute of limitations for a person who has a mental disability which prevents him or her from understanding their legal rights or commencing a legal action.

[8] Hasim also presented a certification in which he stated he is "largely incapable of communicating," and has a "lack of recollection about the events that transpired." He advised he defers all decisions, legal or otherwise, to his wife and John.

A-5632-16T1

Plaintiffs further assert the court should have conducted a hearing to ascertain Hasim's mental condition.

Because plaintiffs did not raise N.J.S.A. 2A:14-21 or argue the statute's applicability to these circumstances, we do not consider the argument. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Two years after the cause of action accrued, plaintiffs filed a medical malpractice action against a physician and fictitious parties. By the very act of filing that complaint, plaintiffs acknowledged an awareness of an actionable claim. John accompanied Hasim to all of his medical appointments and specifically to Dr. Bikkina's December 2013 examination. John believed Dr. Bikkina had not properly checked his father's carotid artery at that visit. He also certified he knew, at the time of his father's stroke, the stroke was caused by a blocked carotid artery.

Hasim and John were both aware of Dr. Bikkina's care of Hasim. John described his concerns with Dr. Bikkina's treatment in his certification. Therefore, Dr. Bikkina should have been named as a defendant in the April 2016 complaint. No plausible reason was given for his omission. The amended complaint, filed eight months after the expiration of the statute of limitations naming Dr. Bikkina as a defendant, was properly dismissed as untimely. Plaintiffs' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). As a result of the above determination, we need not reach defendants' cross-appeals.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                              A-5632-16T1