THOMAS E. FRENCH ET AL., RECEIVERS OF STATE MUTUAL BUILDING AND LOAN ASSOCIATION, v. EDWARD AMBLER ARMSTRONG.

Submitted March 18, 1910—Decided June 13, 1910.

1. A motion to strike out causes of demurrer is not recognized by our practice.

2. A declaration which charges in effect that defendant was retained as attorney to protect and foreclose a mortgage and redeem from prior liens, and that by reason of his failure to foreclose the mortgage within a reasonable time, or to advise the client of its liabilities arising under a tax sale of the mortgaged premises, the property was sold and the lien of the mortgage lost, or jeopardized, and trouble and expense in its enforcement caused, sets up a good cause of action.

3. In a declaration against an attorney for negligence it need not be averred that his fees were paid.

On motion to strike out causes of demurrer; and on demurrer after determination of such motion.

Before Justices GARRISON, SWAYZE and PARKER.

For the receivers, plaintiffs, *in pro. per.*

For the defendant, *McCarter & English.*

The opinion of the court was delivered by

PARKER, J. Defendant demurred to the declaration and assigned various grounds of demurrer as required by our present Practice act. *Pamph. L.* 1903, *p.* 537, § 131. The plaintiff moves to strike out four of these grounds of demurrer as general, and not specifying any particular grounds of demurrer.

No such course is known to our practice. The questions to be decided on the argument of the demurrer are whether any of the grounds, and if so, which of them, point out any defect or defects in the declaration, and if so, whether those defects are sufficient to vitiate it in point of substance. To permit a motion of the kind now made is to sanction what is in effect a demurrer to a demurrer. The recent decision of the Court of Errors and Appeals in *McCarter* v. *United New Jersey Railroad and Canal Co.,* 6 *Buch.* 323, upon a similar question in the Court of Chancery, is quite applicable here. The motion to strike out causes of demurrer will be denied.

By arrangement with counsel the demurrer itself has also been argued and will now be disposed of. The declaration contains two counts. The first alleges that on May 3d, 1902, the building and loan association, of which plaintiffs are receivers, retained defendant "for fees and reward to be thereafter paid to said defendant," to collect the money due on a certain mortgage, describing it, and to foreclose it, "and to prosecute and conduct such actions at law or in equity, and to do all other matters and things that were necessary and advisable for said purpose, including the redemption of said premises, if necessary, from all prior liens." That defendant accepted the retainer and entered on the employment; that

afterwards, on July 22d, 1902, the mortgaged premises were sold by the local collector for taxes, and notice to redeem within one year from the sale and within six months from the notice, "in accordance with the statute in such case made and provided, was served on April 18th, 1903, by the purchaser thereof, upon the defendant for said association," and that it became the duty of defendant, within a reasonable time thereafter, to collect and foreclose the mortgage and notify the board of directors of the association of the notice and advise them that the property would be lost by delivery of deed to the tax purchaser unless redeemed in time, &c., but that defendant neither collected the money nor foreclosed the mortgage nor called the notice to the attention of the directors, nor advised them as to the liability of loss, nor otherwise acted with due diligence, insomuch that by reason, &c., a deed absolute as against the association and the plaintiffs was delivered to the purchaser, and the lien of the mortgage was lost and said association and plaintiffs deprived of the means of recovering the mortgage loan, to their damage, &c.

The second count sets up the same facts as to retainer, mortgage, tax lien and loss of same by negligence of defendant, and avers that by reason of the premises said association and plaintiffs have been deprived of the possession of the mortgaged premises and of the rents thereof, have been put to great cost and expense in protecting the mortgage, and the value of the bond and mortgage has been greatly lessened and impaired, to their damage, &c.

The first cause of demurrer assigned to both counts is that they respectively do not set forth a cause of action. This specifies nothing and need not be considered. The same may be said of the last cause, that the counts are "in divers other respects illegal and improper."

The second specification to both counts is that they are indefinite and vague and contain no sufficient averment of negligence on the part of the defendant.

It seems to us that negligence is fully inferable from the defendant's various failures to act as set up in the declaration, in view of his employment. It is specifically averred that his

retainer included the redemption of the premises from prior liens; that taxes are a prior lien is a matter of law; that the property was sold for taxes and the tax lien perfected into a title after specific notice of sale given to the defendant himself, and by reason of his failure to advise his client of its liabilities, are facts clearly set out in the declaration. It also appears that for over a year he did nothing to foreclose the mortgage or to collect the money due thereon. That such neglect unexplained is negligence appears to us too plain for argument.

The third specification as to both counts is that they contain no sufficient averment of damages; and the fifth specification to the first count and fourth to the second count, is that they fail to show that the bond and mortgage were of any value, and that actionable damage has resulted from the alleged negligence of the defendant.

It is said that the declaration does not state whether the mortgage was a first or subsequent mortgage. But this is material only on the amount of damages. A subsequent mortgage is not as good a security as a first mortgage, but that it has some value is plain; and that negligence of an attorney resulting in its loss as a lien is actionable, is equally plain.

It is further claimed that no duty of attorney to client is raised without averment that the attorney's fees were paid, and that no such averment appears. But according to the recognized precedents it is unnecessary. 2 *Chit. Pl.* (11*th Am. ed.*) 373, 374*a*, 374*b*. It is even questionable whether a general averment of retainer alone is not sufficient. *Ibid.* 372, *note r.* See, also, 2 *Humph. Prec.* 804, 805.

Next it is said that the declaration does not show the association to have been barred of its rights by defendant's negligence.

We do not understand this to be a necessary element of the right of action. If the client be put to needless trouble and expense by an attorney's negligence, we apprehend an action would lie, as for example, if a default were taken and opened on payment of costs. The second count does not even allege that the mortgage was lost, but only that plaintiffs were put

to cost and expense in protecting the mortgage. We think this is sufficient.

Again, that it does not appear that the notice of tax sale was in writing, or that defendant was a proper person on whom to serve it to bind the association.

It seems to us that this is matter of defence, or at best a question arising on the evidence at the trial. That the notice was served on the defendant would seem to imply by fair intendment that it was in writing; and that it had under the first count some legal efficacy is apparent from the allegation that the lien of the mortgage was lost—a fact admitted by the demurrer—and the statement in the second count that plaintiffs were deprived of the possession of the premises and were put to cost and expense in protecting the mortgage will support proof that while the tax proceedings were ultimately set aside for illegality, needless litigation to enforce the rights of the association grew out of defendant's failure to attend to the notice in due time.

There will be judgment for plaintiffs on the demurrer.