S. MARTIN JACOBSEN, APPELLANT, v. PETER A. PETERSON, RESPONDENT.

Argued February 19, 1918—Decided June 7, 1918.

1. It is the duty of an attorney, who is employed to investigate the title to real estate, to make a painstaking examination of the records, and to report all facts relating to the title. He is therefore liable for any injury that may result to his client from negligence in the performance of his duties, that is, from a failure to exercise ordinary care and skill in discovering in the records and reporting all the deeds, mortgages, judgments, &c., that affect the title in respect to which he is employed.

2. Where an attorney negligently omits to report the fact of a judgment, which is a lien upon real estate the title of which he was employed to investigate, and his client buys upon the faith of such report and without knowledge of such judgment. the measure of damages is the amount the client is caused to pay out to remove the lien of such judgment, and this is so even though the client subsequently sells the real estate for a sum in excess of its total cost to him including the discharge of the judgment.

---

On appeal from the District Court of Perth Amboy.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Leo Goldberger.*

*Pro se, Peter A. Peterson.*

The opinion of the court was delivered by

TRENCHARD, J.  The plaintiff below sued the defendant, an attorney-at-law, to recover (1) damages sustained by reason of the negligence of the defendant in examining and reporting upon the title of lands, and (2) for moneys had and received for the use of the plaintiff.

The learned trial judge, sitting without a jury, found for the plaintiff, who now prosecutes this appeal.  He finds no fault with the action of the judge in respect to the second item, but contends that he erred in awarding the plaintiff only six cents damages on account of the defendant's negligence in the investigation of the title of the land.

We are of the opinion that the contention is well founded.

It is the duty of an attorney, who is employed to investigate the title to real estate, to make a painstaking examination of the records and to report all facts relating to the title. He is, therefore, liable for any injury that may result to his client from negligence in the performance of his duties— that is, from a failure to exercise ordinary care and skill in discovering in the records and reporting all the deeds, mortgages, judgments, &c., that affect the title in respect to which he is employed.  *Economy Building and Loan Association* v. *West Jersey Title Co.,* 64 *N. J. L.* 27.

In the present case it appeared, and the trial judge properly found, that the defendant negligently overlooked and failed to report a judgment for $380 which was a lien upon the land, the title of which he was employed to examine, and which the plaintiff purchased in reliance upon the defendant's report and without knowledge of the existence of such judgment.  There was, therefore, no question as to the defendant's liability.

The question arises, What was the measure of damages? Where, as here, an attorney negligently omits to report the fact of a judgment, which is a lien upon real estate, the title

of which he was employed to investigate, and his client purchases such real estate in reliance upon such report and without knowledge of such judgment, the measure of damages is the amount his client is caused to pay out to remove the lien of such judgment.

But it appeared that the plaintiff subsequently sold the real estate for a sum in excess of its total cost to him, including the discharge of the judgment, and the trial judge considered that this justified the award of nominal damages only. Not so. The measure of damages was not affected by the sale. It will not do to say that in order for a client to recover for such negligence he must either sell the property at a loss or not sell it at all. He was entitled to all the profit he would have made by the transaction if the title had been as represented.

The judgment below will be reversed and a new trial awarded.