Paul E. RePASS, Appellant,

v.

Albert L. VREELAND and Leonard G. Brown, Individuals, and Vreeland & Brown, a New Jersey Partnership in the Practice of Law.

No. 15297.

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 4, 1965.

Decided Jan. 31, 1966.

Milton Diamond, Highland Park, N. J., for appellant.

John A. Willette, East Orange, N. J. (Williams, Willette & Berlin, East Orange, N. J., Donald L. Berlin, East Orange, N. J., on the brief), for appellees.

Before STALEY and FREEDMAN, Circuit Judges, and COHEN, District Judge.

STALEY, Circuit Judge.

This appeal comes before us from the entry of partial summary judgment by the district court under 28 U.S.C. Rule 54(b).[1] Because we hereinafter determine that this court lacks jurisdiction to consider this appeal, we do not reach the provocative questions of state law which bear on the merits. We wish to note at the outset that any discussion of the facts herein should have no bearing on the disposition of this case on its merits or on any appeal that may follow.

A short recital of the complex factual background of this case is necessary, especially since the facts span two separate but closely related suits. The plaintiff in this action, Paul E. RePass, a medical doctor and radiologist, purchased an X-ray machine in the 1930's and used it for a number of years. The machine was sold after he entered the Navy in 1942. After his discharge from the service, he was informed sometime between 1946 and 1947 that he was suffering from a condition of his left hand known as X-ray dermatitis, the cause of which he attributed to a defect in the machine he had purchased in the thirties. A worsening of this condition resulted in a biopsy of skin tissue in 1959, which disclosed the existence of malignancy. This necessitated the immediate amputation of one of plaintiff's fingers and other parts of his left hand.

Dr. RePass then contacted an attorney in Denver, Colorado, and inquired as to the possibile liability of the manufac-

1. Rule 54(b) "Judgment Upon Multiple Claims or Involving Multiple Parties.
    "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judg-ment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

turer of the X-ray machine. Because it was doubtful that service could be obtained on the manufacturer in Colorado, and because the manufacturer was believed to be a New Jersey corporation, or at least was registered to do business there, the case was referred to the defendants, Albert L. Vreeland and Leonard G. Brown, New Jersey lawyers who engaged in the practice of law as partners in the firm of Vreeland & Brown. Although the case was allegedly referred to the defendants in mid-1960, a complaint was not filed against the corporate successors in interest to the manufacturer of the machine until August 7, 1961. The facts as they occurred between mid-1960 and August, 1961, are contested and are of little relevance here with the exception that plaintiff alleges that in the interim he was required to expend large sums of money, other than attorney's fees, in order to prosecute the action. The district court, however, granted the motion of the manufacturer's successors in interest for summary judgment on the grounds that even if Dr. RePass' cause of action did not accrue until February 9, 1959 (the date of the biopsy), the New Jersey two year statute of limitations, N.J.Stat.Ann. 2A:14–2, had expired prior to the commencement of the action.[2]

Shortly thereafter, plaintiff filed this suit against Vreeland and Brown, both as individuals and as partners in the firm of Vreeland & Brown. The complaint contained three counts alleging: (1) that the defendants had negligently permitted the statute of limitations to expire before commencing the action; (2) that although the defendants knew or should have known that the statute would expire on February 9, 1961, they negligently failed to so inform the plaintiff so that he might retain another attorney to file suit; (3) that since defendants had failed to personally notify plaintiff until May of 1961 that the statute had run on his suit against the manufacturers, he was not apprised of their negligence until

that time; and therefore his cause of action against them did not accrue until that time.

At the pre-trial stage of the proceedings, the defendants moved for partial summary judgment on the grounds that plaintiff had sustained no loss by the late filing of the complaint. Defendants argued that the statute of limitations against the manufacturer of the X-ray machine had run long before they had received the case. The district court granted the motion and ruled that "since this disposition of the case * * * for all practical purposes eliminate[s] from the trial *plaintiff's major damage claim,* [it included in its] * * * order, at plaintiff's request and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [its] * * * determination that final judgment be entered in favor of the defendants on the statute of limitations issue." (Emphasis supplied.) It is from this judgment that plaintiff has appealed.

Although we are without the benefit of oral argument on the jurisdictional issue and the question is not discussed in the briefs, we believe the result is abundantly clear without the aid of any elaborate discussion. The simple process of construing the complaint is persuasive of the result we reach. In his brief the plaintiff-appellant states that the complaint in essence charges that the defendants negligently permitted the statute of limitations to expire and that they negligently induced and caused the appellant to waste considerable time, effort and money in reliance on their professional competency. Thus, appellant reads his complaint as alleging two causes of action: one for negligence and the other for negligent misrepresentation.

With this we do not agree. Stripped of its form, the complaint alleges in the alternative that defendants either negligently permitted the statute to run or negligently failed to inform the plaintiff that it would run unless suit was filed. The complaint makes no mention of neg-

2. The facts are more fully set forth in the opinion of the district court, RePass v.

Keleket X-Ray Corp., 212 F.Supp. 406 (D.N.J., 1962).

ligent misrepresentation, inducement, or reliance despite its lengthy allegations. Instead, the only allegations concerning the expenditure of large amounts of money to prosecute the action appear in both the first and second counts as elements of damage allegedly caused by the negligence of the defendants. Therefore, we read the complaint as alleging but one cause of action, see Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927), based upon two theories of negligence, each of which contains two elements of damage: (1) the loss of the cause of action against the manufacturer of the X-ray machine; and (2) the needless expenditure of moneys to prosecute a worthless cause of action.

Our conclusion that recovery of the moneys needlessly expended is merely an element of damages appears to be supported by the applicable substantive law. What damages are, in fact, recoverable in a malpractice action is naturally a question of state law. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938); Guido v. Hudson Transit Lines, Inc., 178 F.2d 740 (C.A.3, 1950). The law of New Jersey grants recovery for those losses which are proximately caused by the attorney's negligence. Bayerl v. Smyth, 117 N.J.L. 412, 189 A. 93 (N.J. Ct. of Errors & Appeals, 1937); Fabry v. Jay, 104 N.J.L. 617, 141 A. 780 (N.J. Ct. of Errors & Appeals, 1928); Jacobsen v. Peterson, 91 N.J.L. 404, 103 A. 983 (1918); French v. Armstrong, 80 N.J.L. 152, 76 A. 336 (1910). "The ordinary rule that negligence is actionable only where it is the proximate cause of the damages complained of has frequently been applied in actions against attorneys for alleged negligence in connection with litigation." Annot., 45 A.L. R.2d 5, 18 (1956); see also annots., 45 A.L.R.2d 62 (1956); 87 A.L.R.2d 991 (1963).

Having accordingly construed the complaint, we must now consider whether this court has jurisdiction to review the district court's determination to eliminate from trial the loss of the cause of action against the manufacturer of the X-ray machine. The jurisdiction of this court is confined, except in a few limited instances, to cases in which a final decision has been rendered by the district court. 28 U.S.C. § 1291. Rule 54(b) is an adjunct to the requirement of finality. See Bendix Aviation Corp. v. Glass, 195 F.2d 267, 38 A.L.R.2d 356 (C.A.3, 1952). It provides that in cases involving more than one claim the district court may enter summary judgment on one or more but less than all the claims; and before such an order becomes appealable, the district court must expressly determine that there is no just reason for delay and expressly direct the entry of judgment. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Cold Metal Process Co. v. United Eng'ring & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). As a policy matter, Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the problems of timing of review, which have been accentuated by the Rules' liberalized procedure for joinder, crossclaims and counterclaims. Panichella v. Pennsylvania R.R., 252 F.2d 452, 454 (C.A.3, 1958).

Under the Rule, the district court's imprimatur (an express determination that there is no just reason for delay and an express direction to enter judgment) is an essential prerequisite to finality. Without the imposition of this hallmark of finality, the circuit court has no jurisdiction to consider the case. Thompson v. Trent Maritime Co., Ltd., 343 F.2d 200 (C.A.3, 1965); Funkhouser v. City of Newark, 312 F.2d 383 (C.A.3, 1963); Knox v. United States Lines, 294 F.2d 354 (C.A.3, 1961); Carey v. Danecki, 289 F.2d 314 (C.A.3, 1961); Tomlinson v. Trustees of Univ. of Pa., 266 F.2d 569 (C.A.3, 1959); Lehrer v. McCloskey Homes, Inc., 242 F.2d 190 (C.A.3, 1957); District 65, etc. v. McKague, 216 F.2d 153 (C.A.3, 1954); Shipley Corp. v. Leonard Marcus Co., 214 F.2d 493 (C.A.3, 1954); Etten v.

Kauffman, 179 F.2d 302 (C.A.3, 1950). The district court's "determination" and "direction," however, are not binding on the circuit court. Its exercise of discretion in entering partial summary judgment under Rule 54(b) is subject to review. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895. "It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice * * *." Panichella v. Pennsylvania R.R., 252 F.2d 452, 455. Under the present phraseology of the Rule,[3] it is clear that partial summary judgment may not be entered where there is only a single claim. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895. It follows that the Rule may not be invoked to dispose of part of a single claim. Marino v. Nevitt, 311 F.2d 406 (C.A.3, 1963); Annot., 75 A.L.R.2d 1201 (1961). See also annot., 38 A.L.R.2d 377 (1954).

The difficulty presented by this case lies in the determination of whether there is but a single claim or multiple claims. The problem is not novel; it has plagued the Federal courts since the adoption of the Federal Rules. The essence of this difficulty lies in defining the word "claim" as used in Rule 54(b)

in order to properly fulfill the policy behand the Rule. Needless to say, the breadth or narrowness of the judicial unit which is ascribed to the word "claim" has a direct and immediate effect on finality, and an indirect effect on the jurisdiction of the court.

The difficulty of providing simple criteria to resolve this onerous problem has resulted in two schools of thought, each advocating a different test for the determination of a judicial unit. On the one hand it is urged that separate occurrences or transactions form the basis of separate units of judicial action. Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942),[4] citing Atwater v. North American Coal Corp., 111 F.2d 125, 126 (C.A.2, 1940) (concurring opinion); Coffman v. Federal Labs, Inc., 171 F.2d 94, 96–97 (C.A.3, 1948). On the other hand, it is maintained that "claim" should be made synonymous with "cause of action."[5] 6 Moore's Federal Practice ¶ 52.24 at 192–193. Cf. School Dist. No. 5 v. Lundgren, 259 F.2d 101 (C.A.9, 1958); Smith v. Benedict, 279 F.2d 211 (C.A.7, 1960).

Fortunately, we need not explore the metaphysical distinctions between the two tests, if, in fact, any exist. Although it would appear that the pre-amendment formulation of what constitutes a single judicial unit survived the amendments, we are not compelled to decide that ques-

---

3. Rule 54(b) has been amended twice since its original promulgation. The policy of reconciling the prohibition against piecemeal appeals and providing for timely review in the "infrequent harsh case" has remained. Although the amendments have been clarifying in nature, the 1946 amendments contained significant changes while those in 1961 were relatively minor. Thus, all references to the original or pre-amendment Rule refer to the Rule prior to the 1946 amendments.

4. The Reeves case was decided prior to the 1946 amendments to Rule 54(b). It is of particular importance to note that the original Rule specifically contained the language "transaction or occurrence." In Mackey the Supreme Court alluded to Reeves to point out that the unit determination provided for by the original Rule had not been questioned, 351 U.S. at 437,

76 S.Ct. 895; however, the Court did not state whether the separate transaction test had survived the 1946 amendments. In perhaps the most significant case decided since the 1946 amendments, the Fourth Circuit in Town of Clarksville, Va. v. United States, 198 F.2d 238, 240 (1952), adhered to Reeves in determining what constitutes a "claim." See also Edney v. Fidelity & Guar. Life Ins. Co., 348 F.2d 136, 138 (C.A.8, 1965).

5. The classic definition of "cause of action" was formulated in Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 321, 47 S. Ct. 600 (1927). However, a cause of action may mean one thing for one purpose and something else for another. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67–68, 53 S.Ct. 278, 77 L. Ed. 619 (1933).

806

tion, for we believe that the application of either criteria leads to a similar result.

In undertaking to represent the plaintiff against the manufacturer of the X-ray machine, the defendants assumed a duty to represent his interests to that degree required by New Jersey law. See Williams v. Knox, 10 N.J. Super. 384, 390, 76 A.2d 712, 715 (Law Div., 1950). Whether the violation of the corresponding right inuring to the plaintiff be regarded as a single transaction or one legal wrong, it is clear to us that plaintiff has but a single claim. The fact that he has been precluded the recovery of one item of damages under that claim does not give rise to a final order, Marino v. Nevitt, 311 F.2d 406, nor is the district court's determination to that effect binding on this court. Consequently, this court lacks jurisdiction to consider the propriety of that disposition.

The appeal will be dismissed.