**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1197
_____


GUSTAVO DIAZ; JOSEPH SANTOS; CHRISTIAN A.
GIBSON; GERALD SINCLAIR; MARVIN LEON VEAL;
DOMENICK SCORZIELLO, individually and on behalf of
all others similarly situated; MICHAEL KISSLER; BRIAN
STONE

v.

FCA US LLC

Gustavo Diaz, Joseph Santos, Christian A. Gibson, Gerald
Sinclair, Christian A. Gibson, Gerald Sinclair, Marvin Leon
Veal, Domenick Scorziello,
                                        Appellants

_____


On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:21-cv-00906)
District Judge: Honorable Evan J. Wallach[*]

---

[*] Honorable Evan J. Wallach, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

_____

Argued on October 30, 2024

Before: HARDIMAN, PHIPPS, and FREEMAN, *Circuit Judges*.

(Filed: April 15, 2025)

Tyler C. Anderson
Ryan H. Wu [Argued]
Tarek H. Zohdy
Cody R. Padgett
Capstone Law
1875 Century Park E
Suite 1000
Los Angeles, CA 90067

Kelly A. Green
Smith Katzenstein & Jenkins
1000 N West Street
The Brandywine Building
Suite 1501
P.O. Box 410
Wilmington, DE 19801

Natalie Lesser
Amey J. Park
Russell D. Paul
Abigail J. Gertner
Berger Montague
1818 Market Street
Suite 3600

Philadelphia, PA 19103

*Counsel for Appellants*

Brandon L. Boxler
Klein Thomas Lee & Fresard
919 E Main Street
Suite 1000
Richmond, VA 23219

Stephen A. D'Aunoy [Argued]
Klein Thomas Lee & Fresard
100 N Broadway
Suite 1600
St. Louis, MO 63102

Jessica L. Reno
Eckert Seamans Cherin & Mellott
222 Delaware Avenue
Suite 700
Wilmington, DE 19801

*Counsel for Appellee*

—————

OPINION OF THE COURT

—————

HARDIMAN, *Circuit Judge*.

This appeal involves the interplay between our final-order jurisdiction under 28 U.S.C. § 1291 and a partial final

3

judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs alleged that an automobile manufacturer designed, manufactured, and sold defective vehicles. They asserted causes of action based on warranty and fraud. The District Court dismissed the fraud counts and some warranty counts before entering a partial final judgment under Rule 54(b) as to the fraud counts filed by all but one of the Plaintiffs. Six of the eight named Plaintiffs appealed, arguing that the District Court erroneously dismissed their fraud counts. Because the District Court's Rule 54(b) judgment is not final, we will dismiss the appeal for lack of jurisdiction.

I

In 2021, six individuals—Gustavo Diaz, Joseph Santos, Christian A. Gibson, Gerald Sinclair, Marvin Leon Veal, and Domenick Scorziello—sued FCA US LLC in the United States District Court for the District of Delaware. The complaint alleged that FCA designed, manufactured, and sold Dodge "muscle" cars with defective rear differentials. We refer to the cars at issue as the class vehicles.[1]

The complaint asserted state and federal causes of action individually and on behalf of the putative nationwide class and sub-classes sounding in fraud and breach of warranty. FCA moved to dismiss, and the District Court granted the motion. The Court dismissed the complaint without prejudice and offered Plaintiffs a chance to amend their complaint before it would be dismissed with prejudice. In the meantime, two others—Brian Stone and Michael Kissler—joined most Plaintiffs in timely moving for leave to amend the complaint.

---

[1] The class vehicles included 2015 to 2019 Charger Hellcats, 2015 to 2019 Challenger Hellcats, and 2018 Demons.

For reasons unstated in the record, Plaintiff Scorziello did not move for leave to amend and stood on the original complaint. The District Court granted the motion, and the seven remaining Plaintiffs filed a First Amended and Supplemental Class Action Complaint (FASCAC). Because Scorziello did not seek leave to amend the complaint, several counts were dismissed with prejudice as to him.[2]

Like the complaint, the FASCAC included class and individual counts asserting that FCA designed, manufactured, and sold class vehicles with a defective rear differential.[3] Each of the 12 counts in the FASCAC sounds in either fraud or warranty. All seven Plaintiffs brought Counts I and II, which were based in fraud, and Count III, for warranty. Diaz and Santos brought Count IV for warranty and Counts V and VI for fraud. Gibson, Sinclair, and Veal brought Count VII for warranty and Count VIII for fraud. Stone brought Count IX for warranty and Count X for fraud. Lastly, Kissler brought Count XI for warranty and Count XII for fraud.

FCA moved to dismiss the FASCAC, and the District Court granted the motion in part and denied it in part. The District Court dismissed the fraud counts (Counts I, II, V, VI, VIII, X, and XII), holding that Plaintiffs failed to plausibly allege that FCA had pre-sale knowledge of the alleged defect.

---

[2] In the complaint, Scorziello brought Counts I, II, III, XI, XII, XIII, and XIV. Four counts sounded in fraud (Counts I, II, XIII, and XIV). The other three counts were warranty counts (Counts III, XI, XII).

[3] The class vehicles in the FASCAC were expanded to include 2015 to 2022 Charger Hellcats and 2015 to 2022 Challenger Hellcats.

The Court also dismissed all the warranty counts brought by Diaz, Santos, Gibson, Sinclair, and Veal (Counts III, IV, and VII). But the Court denied the motion as to Counts IX and XI, two of the warranty counts brought by Stone and Kissler.

To make matters more complicated, the six original Plaintiffs—Diaz, Santos, Gibson, Sinclair, Veal, and Scorziello—moved to certify the dismissal of their fraud counts for appeal under 28 U.S.C. § 1292(b), or, in the alternative, for final judgment on those counts under Rule 54(b) of the Federal Rules of Civil Procedure. The District Court denied the request for certification under § 1292(b) but said it would grant the request for final judgment under Rule 54(b), having "expressly determine[d] that there is no just reason for delay" "in light of judicial administrative interests as well as the equities involved" and "other factors." App. 9 (cleaned up). In support, the District Court listed "miscellaneous factors" within a parenthetical without analysis. *Id.* (cleaned up). The Court "direct[ed] the Clerk's Office to enter judgment in favor of Defendant with respect to the Fraud-Based Claims (Counts I, II, V, VI, VIII, X, & XII)." App. 10 (citing *Diaz v. FCA US LLC*, 693 F. Supp. 3d 425, 430 (D. Del. 2023)).[4] But the Court did not direct the entry of final judgment as to Scorziello's fraud counts (Counts I, II, XIII, and XIV) in the original complaint. The six original Plaintiffs appealed the dismissal of their fraud counts.

II

---

[4] Stone and Kissler, who are not parties to this appeal, did not request final judgment as to their fraud-based counts (Counts X and XII). Even so, the District Court directed the entry of final judgment as to those counts as well.

The District Court had jurisdiction under 28 U.S.C. § 1332(d)(2)(A). The parties dispute whether we have final-order jurisdiction under 28 U.S.C. § 1291. We review de novo whether the District Court's judgment under Rule 54(b) is final. *Gerardi v. Pelullo*, 16 F.3d 1363, 1368 (3d Cir. 1994). We review the District Court's determination that there is no just reason for delay for abuse of discretion. *Id.*

III

Our appellate jurisdiction is created and delimited by Congress. *See* U.S. Const. art. III, § 1. Congress has granted us jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999).

"Recognizing, however, that sound judicial administration could benefit from relaxing the final decision rule, especially in complex cases involving multiple litigants and claims, Federal Rule of Civil Procedure 54(b) was first promulgated in 1939 to permit the district court to enter partial final judgments" on "less than all of the claims." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001) (cleaned up). Rule 54(b) currently provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the

7

court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A determination under Rule 54(b) involves two distinct steps. A district court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Once having found finality, the district court must go on to determine whether there is any just reason for delay," *id.* at 8, and explain the basis for that determination, *Elliott v. Archdiocese of New York*, 682 F.3d 213, 221 n.5 (3d Cir. 2012).

Rule 54(b) "does not supersede" § 1291. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). So a partial final judgment entered under Rule 54(b) must be final under § 1291. *See id.* at 437 ("The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291."); *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) ("Finality is defined by the requirements of 28 U.S.C. § 1291."). That typically means that the litigation is over and there is "nothing for the court to do but execute the judgment." *Sussex*, 920 F.2d at 1153 (cleaned up). A judgment is final if it "disposes of all of the rights or liabilities of one or more of the parties" or if it is an "ultimate disposition of an individual claim entered in the course of" an action with multiple claims. *Id.* (cleaned up). But the "partial adjudication of a single claim is not" final. *Id.* at

8

1154.

"There is no definitive test to determine whether more than one claim is before the court." *Allegheny Cnty. Sanitary Auth. v. United States Env't Prot. Agency*, 732 F.2d 1167, 1172 (3d Cir. 1984); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2657 (4th ed. updated 2024) ("The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure."). In making that determination, the Supreme Court has considered whether the adjudicated claims were "inherently inseparable from," "closely related to," or "sufficiently independent of" the remaining claims. *Sears, Roebuck & Co.*, 351 U.S. at 436; *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.4 (1976) (explaining "that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief"). For our part, we have held that a judgment is not final "when a plaintiff seeks to recover for the same loss on different theories and the district court has resolved its claim on less than all the theories advanced." *Gerardi*, 16 F.3d at 1368 (citing *Allegheny Cnty. Sanitary Auth.*, 732 F.2d at 1172); *see also Sussex*, 920 F.2d at 1154 ("Alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones.").

Once a judgment is deemed final, Rule 54(b) requires the district court to "expressly determine[] that there is no just reason for delay," Fed. R. Civ. P. 54(b), after exercising "its discretion to determine that the matter is 'ready for appeal'" in light of "judicial administrative interests as well as the equities involved," *Sussex*, 920 F.2d at 1153 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Because the entry "of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual

9

course of proceedings in a district court," *Elliott*, 682 F.3d at 220, not "all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims," *Curtiss-Wright Corp.*, 446 U.S. at 8.

In determining whether a partial final judgment is appropriate, relevant considerations include: "the relationship between the adjudicated and unadjudicated claims"; "the possibility that the need for review might or might not be mooted by future developments in the district court"; "the possibility that the reviewing court might be obliged to consider the same issue a second time"; "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

To facilitate our review, we have "consistent[ly] require[d] that the district courts provide a brief statement of reasons," explaining how they "balanced the competing concerns that inform our interpretation of Rule 54(b)." *Carter*, 181 F.3d at 347. This is not a "jurisdictional prerequisite," so "the absence of an explanation by the district court" does not require a remand for further explanation "when the propriety of the appeal may be discerned from the record." *Id.* at 345–46.

IV

Having explained the legal principles that govern this appeal, we turn to the particular facts of the case. Appellants

10

claim we have jurisdiction because the District Court entered judgment under Rule 54(b) on their fraud counts, and they offer two reasons why that judgment was final. First, Appellants argue that the judgment was final because all counts they brought were dismissed. Second, they contend that the judgment finally resolved a "claim" because fraud—unlike the warranty counts—requires proving pre-sale knowledge.

A

We first consider whether the judgment was final because all of Appellants' counts in the complaint were dismissed.[5] This argument fails because the District Court, consistent with Appellants' request, entered judgment only on their fraud counts. Though the District Court dismissed Appellants' warranty counts, that dismissal was not final because the Court did not enter judgment as to the warranty counts under Rule 54(b). *See* Fed. R. Civ. P. 54(b) (providing that orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities" unless the district court directs entry of a final judgment). Because the warranty counts were not included within the judgment, it did not "dispose[] of all of the rights or liabilities of one or more of the parties." *Sussex*, 920 F.2d at 1153. So Appellants are mistaken in arguing that the judgment

_____

[5] Appellants raised this argument for the first time during oral argument. We ordinarily decline to consider arguments raised for the first time during oral argument. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017). But this argument concerns our jurisdiction, so we will consider it. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").

11

was final because all of the counts they brought were dismissed.

## B

We now consider whether the judgment finally resolved a claim for fraud. At the outset, we note a technical (but critical) problem: the District Court did not enter final judgment as to Scorziello's fraud counts. Citing its order on FCA's motion to dismiss the FASCAC, the District Court directed the entry of "judgment in favor of [FCA] with respect to the Fraud-Based Claims (Counts I, II, V, VI, VIII, X, & XII)." App. 10 (citing *Diaz*, 693 F. Supp. 3d at 430). But Scorziello's fraud counts were in the original complaint—not the FASCAC—and were dismissed in a non-final order upon his failure to seek leave to file an amended complaint. *See Diaz v. FCA US LLC*, 2022 WL 4016744, at *47 (D. Del. Sept. 2, 2022). Because the District Court did not "direct entry of a final judgment as to" the order dismissing Scorziello's fraud-based counts (Counts I, II, XIII, and XIV in the original complaint), we lack jurisdiction to review their dismissal. Fed. R. Civ. P. 54(b); *see also Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 480 n.12 (3d Cir. 2006) (emphasizing that the district court must enter final judgment on "the particular order from which [the appellant] seeks to appeal as final under Rule 54(b)").

We also lack jurisdiction to review the remaining Appellants' fraud counts. That is because their warranty counts are an alternative theory of recovery to their fraud counts rather than separate "claims" for purposes of Rule 54(b). So the District Court's Rule 54(b) judgment as to the fraud counts did not finally resolve a "claim."

12

Our decision in *Sussex* is illustrative. There, the plaintiff alleged that the defendant sold adulterated pharmaceuticals and sued for breach of contract, breach of warranties, and fraud. *Sussex*, 920 F.2d at 1152. The district court granted "partial summary judgment awarding compensatory damages for breach of contract and warranties" and entered judgment under Rule 54(b) even though a fraud "count for punitive damages based on the same sales" remained pending. *Id.*

We held that the judgment was not final. *Id.* at 1155–56. The "thrust of" the fraud count for punitive damages was, "at its base, the same as the other four counts and relie[d] on the same crucial facts—the sale of adulterated and hence unmerchantable drugs to the plaintiff." *Id.* at 1155. So for "all practical purposes, the only difference" with the fraud count was that the "plaintiff s[ought] punitive damages." *Id.* And the "only additional evidence that would be required" for the fraud count was proof of an "intent to misrepresent." *Id.* We also observed that "all of the plaintiff's allegations ar[o]se out of a single transaction." *Id.* We held that when "liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b)." *Id.* While we recognized that this was a question of federal procedure, we noted that the fraud count "could not have been brought in a separate action" under the applicable state law. *Id.*

Consistent with *Sussex*, we hold that Appellants' warranty and fraud counts constitute a single "claim" for purposes of Rule 54(b). The fraud counts are "[a]lternative theories of recovery" to the warranty counts "based on the same factual situation"—the allegedly defective rear differentials of the class vehicles. *Id.* at 1154. "The thrust" of

13

all their fraud counts are, "at [their] base, the same as" their warranty counts, and they "rel[y] on the same crucial facts" in conjunction with pre-sale knowledge. *Id.* at 1155. As counsel for Appellants candidly admitted during argument, "there's crucial overlap on the merits." Oral Arg. at 5:55–5:59. Because of this overlap, Appellants' fraud counts "could not have been brought" separately without "splitting a cause of action," which further shows that the warranty and fraud counts comprise a single "claim" for jurisdictional purposes.[6] *Sussex*, 920 F.2d at 1155.

The dissent brushes *Sussex* aside by noting that it does not decide "the precise question at issue here." Dissent at 3. The word "precise" does a lot of work there. As our dissenting colleague noted at oral argument, "*Sussex* is almost the inversion of this case." Oral Arg. at 17:27–17:30. That "inversion"—in *Sussex*, the district court entered a partial final judgment as to the warranty counts, but not the fraud count, while the District Court here entered a partial final judgment as to most fraud counts, but not the warranty counts—is immaterial.

The dissent suggests that *Sussex* is no longer binding because "[i]ntervening precedent from both the Supreme Court

---

[6] Under the applicable state laws, Appellants would have needed to bring all their counts within the same action. *See Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 96 N.E.3d 737, 743 (N.Y. 2018); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010); *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006); *Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C.*, 203 A.3d 133, 137 (N.J. 2019); *J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, 691 S.W.3d 466, 471 (Tex. 2024).

14

and this Court has eliminated" the uncertainty as to what constitutes a "claim." Dissent at 3. That is misguided for three reasons.

First, the dissent fails to appreciate that "claim" and "claim for relief" in Rule 54(b)—and throughout the Federal Rules of Civil Procedure—are terms of art. *Sherrod v. Wal-Mart Stores, Inc.*, 103 F.4th 410, 413 (6th Cir. 2024); *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). In the Rules, these terms refer to "the aggregate of operative facts which give rise to a right enforceable in the courts." *Sherrod*, 103 F.4th at 413 (cleaned up). This is distinct from a plaintiff's legal theory. *NAACP*, 978 F.2d at 292. Indeed, "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws" someone violates. *Id*. Likewise, "two separate causes of action . . . can amount to one 'claim,'" even when the "causes of action require different elements of proof." *Sherrod*, 103 F.4th at 413–14; *see, e.g.*, *Sussex*, 920 F.2d at 1155. So the dissent errs by focusing on the differing elements within Appellants' various "legal theories" because that "does not track the idea of 'claim for relief' in the federal rules." *NAACP*, 978 F.2d at 292.

Second, the precedents cited by our dissenting colleague have nothing to do with Rule 54(b). The Supreme Court's pathmarking decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), involve Rule 12(b)(6). They state the minimum requirements for pleading the elements of a legal theory. *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *id.* at 687 ("Rule 8 does not empower respondent to plead the bare

15

elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss."). And, as discussed above, a legal theory is distinct from a "claim" as used in Rule 54(b). For that reason, we will not apply *Twombly* and *Iqbal* to Rule 54(b).

Third, the dissent's unprecedented element-based approach to Rule 54(b) violates our longstanding "obligat[ion] to follow our precedent absent en banc reconsideration." *Karns v. Shanahan*, 879 F.3d 504, 514 (3d Cir. 2018). The fact that the Supreme Court decided *Twombly* and *Iqbal* after we decided *Sussex* does not release our dissenting colleague from this obligation because neither case undermined *Sussex*. *See id.* (explaining that "a panel may revisit a prior holding of the Court which conflicts with intervening Supreme Court precedent" (cleaned up)).

Appellants also offer several unpersuasive arguments in response. They try to distinguish *Sussex* by saying that the district court had awarded summary judgment as to the contract and warranty counts without resolving liability and that the plaintiff had appealed to enforce the judgment. But the district court resolved liability based on issue preclusion, and the plaintiff's purpose was immaterial to our analysis about finality. *Sussex*, 920 F.2d at 1152, 1155.

Appellants also try to differentiate their fraud counts based on the requirement to prove pre-sale knowledge. But as we have explained, the warranty and fraud counts are interrelated, so this appeal is like *Sussex*.[7]

_____

[7] At oral argument, Appellants argued that their fraud-based counts were a separate claim because "the consumer fraud

16

Finally, Appellants (and the dissent) invoke Rule 54(b)'s purpose, which is to facilitate partial final judgments and immediate appeals in complex cases with multiple parties or claims. *See Sears, Roebuck & Co.*, 351 U.S. at 432–33. Appellants suggest that purpose would be frustrated if we did not review their dismissed fraud counts. We remain mindful of Rule 54(b)'s purpose, but that purpose cannot override the jurisdictional requirement of finality. "The district court is not empowered to enter judgment on a decision which is not final." *Sussex*, 920 F.2d at 1153 (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 440 (3d Cir. 1977)); *see also Sears, Roebuck & Co.*, 351 U.S. at 437 ("The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291.").[8]

[counts] do authorize injunctive relief, which is not available for the warranty [counts]." Oral Arg. at 26:41–26:51. Appellants requested injunctive relief under Count II, the common-law cause of action for unjust enrichment. Appellants did not brief the availability of injunctive relief under an unjust-enrichment theory, and we questioned the appropriateness of injunctive relief during oral argument. But even if injunctive relief is available, the unjust-enrichment count is an alternative theory of recovery regarding the allegedly defective rear differentials. *See Allegheny Cnty. Sanitary Auth.*, 732 F.2d at 1172.

[8] Appellants could have vindicated the purpose of Rule 54(b) by requesting a final judgment as to all their claims. That judgment would have been final, though the District Court would have had to expressly determine that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). Instead, Appellants

For these reasons, we hold that the District Court's judgment as to the fraud counts is not final as required by § 1291 and Rule 54(b).

V

We have held that the District Court's judgment is not final, which suffices to dismiss the appeal for lack of jurisdiction. But even if the judgment were final, we would have to remand this case to the District Court for further explanation as to why there was no just reason for delay. The Court did not—as required by our precedent—"explain[] how it balanced the" relevant "competing concerns that inform our interpretation of Rule 54(b)." *Carter*, 181 F.3d at 347. Instead, the District Court referenced "judicial administrative interests as well as the equities involved" and "other" "miscellaneous factors" listed within a parenthetical. App. 9 (cleaned up). And at least one of the miscellaneous factors referenced by the District Court—economic and solvency considerations—finds no support in the record. So the District Court has not provided us with any analysis to scrutinize. *See Allis-Chalmers Corp.*, 521 F.2d at 364 (emphasizing that a reviewing court needs "some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors" from "mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law" (cleaned up)).

Nor can "the propriety of the appeal" be discerned from

---

requested a final judgment only as to their fraud counts, which impermissibly split a single claim.

18

the record. *Carter*, 181 F.3d at 346.[9] And the fact that the District Court's Rule 54(b) judgment was overinclusive as to Stone and Kissler and underinclusive as to Scorziello further calls into question the propriety of its judgment. As Appellants' counsel conceded during oral argument, even if the District Court's judgment were final, our caselaw would require a remand for further explanation by the District Court. Oral Arg. at 9:46–10:25; *see, e.g.*, *Cemar, Inc. v. Nissan Motor Corp. in U.S.A.*, 897 F.2d 120, 123 (3d Cir. 1990) (remanding for "a statement of reasons by the district court in order to determine that juridical concerns have been met by its determination that no just reason remains for delay").

\* \* \*

The District Court erred by entering a judgment under Rule 54(b) on the fraud-based counts because the judgment was not final. So we will dismiss the appeal for lack of jurisdiction and instruct the District Court to vacate its January 2, 2024, order directing the entry of a partial final judgment.

---

[9] Our dissenting colleague infers that "efficiency and the timely administration of justice favor allowing the five original plaintiffs to immediately appeal the dismissal of their fraud-based claims." Dissent at 7. But this case is unlike *Carter*, in which we could infer the district court's rationale because an Eleventh Amendment "issue presented [was] plainly separable and there [was] no real risk of duplicative appeals." 181 F.3d at 346. Here, only five of the eight Plaintiffs' fraud counts are properly before us, which raises the likelihood that the District Court's "[f]ailure to consider the administrative interests involved could result in a substantial waste of judicial resources." *Sussex*, 920 F.2d at 1156.

*Diaz v. FCA US LLC*, No. 24-1197
PHIPPS, *Circuit Judge*, dissenting in part.

Federal Rule of Civil Procedure 54(b) allows a district court to designate an order as a final judgment and to thereby subject that ruling to immediate appellate review.[1]  *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 n.1 (2015) (explaining that Rule 54(b) "lodges discretion to authorize appeals in district courts"); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (characterizing the district court as a "dispatcher" that "is permitted to determine, in the first instance, the appropriate time when each final decision upon one or more but less than all of the claims in a multiple claims action is ready for appeal" (internal quotation marks omitted)).  But not every ruling in every case is amenable to a Rule 54(b) designation: the case must involve multiple claims or multiple parties, and the order must resolve "one or more, but fewer than all" of the "claims or parties."  Fed. R. Civ. P. 54(b); *see also Sears, Roebuck & Co.*, 351 U.S. at 435 (explaining that, as amended, Rule 54(b) "does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided").  In this case, all six original plaintiffs – the five who filed the amended complaint and the one who did not – requested a Rule 54(b) order so that they could challenge the District Court's dismissals of their fraud-based counts without waiting for resolution of the two new plaintiffs' breach-of-implied-warranty counts.  *Cf. Gelboim*, 574 U.S. at 416 ("Rule 54(b) is designed to permit acceleration of appeals in multiple-claim cases . . . .").  I respectfully dissent in part because the Rule 54(b) order allowing the immediate appeal of the dismissal of the five original plaintiffs' fraud-based counts in the amended complaint satisfies the relevant standard: it was

---

[1] *See* 28 U.S.C. § 1291 (conferring appellate jurisdiction over "final decisions").

issued after the dismissal of several but not all of the counts in the amended complaint.[2]

The Majority Opinion is premised on the notion that the fraud-based counts and the breach-of-warranty counts in the amended complaint are the same 'claim.' From there, the Majority Opinion reasons that because the Rule 54(b) order did not cover the original plaintiffs' fraud-based counts *and* their breach-of-warranty counts, it did not resolve a 'claim' so that the immediate exercise of appellate jurisdiction is not permitted.

The premise of the Majority Opinion is quite counterintuitive. Different pleading standards apply to allegations of fraud than to breach-of-warranty allegations,[3] so considering them the same 'claim' opens the door to confusion. Moreover, if fraud counts and breach-of-warranty counts constitute the same 'claim,' then the scope of discovery – which is bounded in part by the requested information's "relevan[ce] to any party's *claim*," Fed. R. Civ. P. 26(b)(1) (emphasis added) – would be coterminous for fraud counts and breach-of-warranty counts. And that opens a sizable loophole: in bringing a breach-of-warranty count, a plaintiff should expect the same degree of information from a defendant as would be available for allegations of fraud.

In fairness, the Majority Opinion does not reach its unusual outcome on a blank slate; rather, it relies heavily on two of this Court's Rule 54(b) decisions from the 1990s: *Gerardi v.*

---

[2] I agree with the Majority Opinion that there is not appellate jurisdiction at this time over the claims of the sixth original plaintiff, Domenick Scorziello, who did not join the amended complaint and who was not covered by the District Court's Rule 54(b) order.

[3] *Compare* Fed. R. Civ. P. 9(b), *with id.* 8(a)(2).

*Pelullo*, 16 F.3d 1363 (3d Cir. 1994), and *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990). Neither of those decisions confronted the precise question at issue here, however.[4] Both of those opinions did in candor recognize that courts had struggled to define the term 'claim.' *See Gerardi*, 16 F.3d at 1369 ("Courts have had difficulty in determining what constitutes a 'claim' . . . ." (quoting *Sussex*, 920 F.2d at 1154)); *Sussex*, 920 F.2d at 1154 (acknowledging the "difficulty of providing simple criteria to resolve this onerous problem" (quoting *RePass v. Vreeland*, 357 F.2d 801, 805 (3d Cir. 1966))). And both decisions went so far as to declare that "uncertainty is the rule" in determining what constitutes a 'claim.' *Sussex*, 920 F.2d at 1154; *accord Gerardi*, 16 F.3d at 1369 (citing *Sussex*, 920 F.2d at 1154).

Intervening precedent from both the Supreme Court and this Court has eliminated much of that uncertainty. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court announced and applied the plausibility standard for evaluating the adequacy of a pleading against a motion for "failure to state a *claim* upon which relief can be granted," Fed. R. Civ. P. 12(b)(6) (emphasis added). *Twombly*, 550 U.S. at 554–56;

---

[4] The *Sussex* decision held that five different counts constituted the same claim when "[f]or all practical purposes, the only difference between counts 1–4, and five is that in the latter plaintiff seeks punitive damages." *Sussex*, 920 F.2d at 1155. The *Gerardi* decision did not resolve the question of whether the two counts presented there – unjust enrichment and recovery on an unpaid note – were the same claim, but it did provide three reasons for believing that they were different claims. *Gerardi*, 16 F.3d at 1370–71 ("[W]e do not decide whether the district court could recognize the partial summary judgments as final . . . because we are satisfied that even if the judgments were final, the district court abused its discretion when it concluded that they were ready for appeal.").

*Iqbal*, 556 U.S. at 677–80. Those decisions did more than articulate plausibility as the standard for evaluating the sufficiency of allegations – they also structured the inquiry around the elements needed to prove a claim. *See Iqbal*, 556 U.S. at 675 (identifying "the *elements* a plaintiff must plead to state a claim of unconstitutional discrimination against officials entitled to assert the defense of qualified immunity" (emphasis added)); *Twombly*, 550 U.S. at 553–56 (reiterating that an 'agreement' is a required *element* under § 1 of the Sherman Act and that "stating such a *claim* requires . . . enough factual matter . . . to suggest that an *agreement* was made" (emphasis added)). And in constructing a post-*Twombly*, post-*Iqbal*, three-part test for evaluating the sufficiency of a claim, this Court in *Connelly v. Lane Construction Corp.*, 809 F.3d 780 (3d Cir. 2016), and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), incorporated that critical role of elements: the first step in the process is to identify the *elements* of the claim. *See Connelly*, 809 F.3d at 787 ("Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must . . . [f]irst . . . 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" (final two alterations in original) (quoting *Iqbal*, 556 U.S. at 675)); *Fowler*, 578 F.3d at 212. Thus, uncertainty is no longer the rule – a party's claim is defined by its elements.

Applying that principle here, the fraud-based counts in the amended complaint do not have the same elements as the breach-of-warranty counts in that pleading. As the District Court explained, pre-sale knowledge of the alleged defect is an element of each of those fraud-based counts. *See Diaz v. FCA US LLC*, 693 F. Supp. 3d 425, 431 n.8 (D. Del. 2023); *see also Goodman v. Kennedy*, 18 Cal. 3d 335, 346–47 (1976) (requiring knowledge of material fact to show fraud under California law); *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985) (same, under Florida law). But as the District Court understood, pre-sale knowledge of a defect is not an element of any of the breach-of-implied-warranty counts in the

4

amended complaint. *See Diaz*, 693 F. Supp. 3d at 440–41; *see also Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 289–90 (Ct. App. 2009) (not requiring knowledge of material defect to show breach of implied warranty under California law); *Amoroso v. Samuel Friedland Fam. Enters.*, 604 So. 2d 827, 833 (Fla. Dist. Ct. App. 1992) (same, under Florida law). Because of that elemental difference between the fraud-based counts and the breach-of-warranty counts, the dismissed fraud-based counts are not part of the same 'claim' as the breach-of-warranty counts.

Rather than afford any weight to the intervening Supreme Court decisions in *Twombly* and *Iqbal*, the Majority Opinion views them as having "nothing to do with Rule 54(b)." Maj. Op. at 16. But those cases provide clarity as to the meaning of the term 'claim,' which is a term of art, as the Majority Opinion acknowledges. And as a term of art, the term 'claim' is governed by the canon of consistent usage, such that it receives the same meaning throughout the Federal Rules of Civil Procedure. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 570, 576 (1995) (giving the "term of art" 'prospectus' the same meaning in § 12 of the Securities Act of 1933 as it has under § 10, adhering to "the 'normal rule of statutory construction' that 'identical words used in different parts of the same act are intended to have the same meaning'" (quoting *Dep't of Revenue v. ACF Indus., Inc.*, 510 U.S. 332, 342 (1994))); *United States v. Sims*, 957 F.3d 362, 365 (3d Cir. 2020) (presuming "that the Sentencing Commission intended the phrase 'offense of conviction' to mean the same thing throughout the [Sentencing] Guidelines"); *Md. Cas. Co. v. W.R. Grace & Co.*, 128 F.3d 794, 799 (2d Cir. 1997) ("Terms in a document, especially terms of art, typically have the same meaning throughout the document in the absence of a clear indication that different meanings were intended."); *see also Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 230 n.6 (3d Cir. 2023) ("We interpret the Federal Rules of Civil Procedure like any posited law."). Thus, the

5

Supreme Court's intervening decisions in *Twombly* and *Iqbal*, which illuminate the meaning of the term 'claim' for Rules 8 and 12, apply not only to the meaning of that term in those rules but also to its use in Rule 54(b). In resisting this conclusion, the Majority Opinion – which insists that the word 'claim' has a unique meaning in the context of Rule 54(b) – directly contravenes the canon of consistent usage.[5]

In addition, nothing in the text of Rule 54(b) categorically forbids an order allowing an immediate appeal by fewer than all plaintiffs – even when the plaintiffs present similar allegations on the same legal theory. To the contrary, the rule expressly states that it applies to "one or more, but fewer than all, claims *or parties*." Fed. R. Civ. P. 54(b) (emphasis added); *see also Gelboim*, 574 U.S. at 410 (explaining that Rule 54(b) is "aimed to augment, not diminish, appeal opportunity"); *see* 10 Daniel R. Coquillete *et al.*, *Moore's Federal Practice* § 54.22[2][b][i] (3d ed. 2025) ("When relief is sought on behalf of different parties, each of those parties generally possesses its own claim for relief, so factual overlap does not compel the conclusion that there is only one 'claim for relief.'"). In practice, it may be somewhat uncommon to permit some but not all plaintiffs who bring the same count to proceed immediately with an appeal, but it may be efficient in some circumstances, and it is permitted by the rule. *See Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956) ("If the District Court certifies a final order on

---

[5] The Majority Opinion also suggests that *en banc* reconsideration is needed to revisit the holdings in *Gerardi* and *Sussex*, but that process is not required when an intervening Supreme Court decision calls into question the continued force of a precedential decision. *See Karns v. Shanahan*, 879 F.3d 504, 514–15 (3d Cir. 2018) ("[A] panel may revisit a prior holding of the Court 'which conflicts with intervening Supreme Court precedent.'" (quoting *In re Krebs*, 527 F.3d 82, 82 (3d Cir. 2008))).

a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable."). Moreover, Rule 54(b) has a built-in limitation to prevent a district court from piecemeal dispatching too many separate dispositive rulings to the appellate court: the appellate court reviews a district court's express determination that there is 'no just reason for delay' for an abuse of discretion. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9–10 (1980); *accord Sears, Roebuck & Co.*, 351 U.S. at 436. Thus, any concern about the overpopulation of an appellate court's docket as a result of Rule 54(b) orders that divide parties or slice apart related counts is addressed through that mechanism – not by reading the rule in a way that fraud-based counts and breach-of-implied-warranty counts constitute the same claim.

On that score, the District Court did not abuse its discretion in determining that there was no just reason for delay. The factors relevant to that determination identified in *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975), are "illustrative," and not mandatory or exhaustive. *Berckeley Inv. Grp. v. Colkitt*, 259 F.3d 135, 144–45 (3d Cir. 2001); *see also Allis-Chalmers Corp.*, 521 F.2d at 364 (articulating several factors for evaluating whether a district court abused its discretion in concluding that there was no just reason for delay, including "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and the like"), *abrogated on other grounds by Curtiss-Wright*, 446 U.S. at 12–13. So the lack of a robust explanation for one of them – such as the role of economic and solvency concerns – is not *per se* an abuse of discretion, and a remand is unnecessary "when the propriety of the appeal may be discerned from the record." *Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1997). Here, efficiency and the timely administration of justice favor allowing the five original plaintiffs to immediately appeal the dismissal of their fraud-based claims

7

without requiring them to wait for resolution of the two new plaintiffs' breach-of-implied-warranty counts. *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950) (recognizing the "increased . . . danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had"). Accordingly, the District Court did not abuse its discretion in concluding that there was no just reason for delay.

In short, the fraud-based counts brought by the original five plaintiffs in the amended complaint were different claims than the breach-of-warranty counts in that pleading. And because the other requirements for appellate jurisdiction were met, with the entry of the Rule 54(b) order, those fraud-based claims are within this Court's appellate jurisdiction.